UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD GLOVER, JR.,

                Plaintiff,

**MEMORANDUM & ORDER**

-against-

03 CV 1140 (RJD) (LB)

THE NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
------------------------------------------------------------X
DEARIE, District Judge.

The Court referred defendant's motion for summary judgment to Magistrate Judge Lois Bloom for Report and Recommendation pursuant to 28 U.S.C. § 636(b). On September 6, 2006, Magistrate Judge Bloom issued a Report, recommending that defendant's motion be granted as to all of plaintiff's claims except his claim for failure to timely reclassify plaintiff for a new position under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.. Magistrate Judge Bloom found that defendant failed to show that the adverse employment action was taken for legitimate, non-discriminatory reasons, as is required by the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir. 2002) (applying McDonnell Douglas to an ADA claim). Defendant objects to the Report, and now offers an affidavit that it claims evidences legitimate, non-discriminatory reasons for its delay in reassigning plaintiff.

The Court's review of a magistrate judge's report and recommendation is de novo and the Court is permitted, in its discretion, to accept supplemental evidence. See 28 U.S.C. 636(b)(1)(C); Fed. R. Civ. P. 72(b); Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).

However, a party has no right to present further evidence to a district court where it offers no justification for failing to offer the evidence before the magistrate. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994); Pan Am World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990). As the First Circuit has explained,

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and--having received an unfavorable recommendation--shift gears before the district judge.

Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

Defendant initially argued that plaintiff was not disabled within the meaning of the ADA and therefore "plaintiff's argument that NYCTA did not reclassify plaintiff quickly enough, is irrelevant." Def.'s Reply 6 n.2. Defendant now offers an explanation—along with a supporting affidavit—of why plaintiff was kept on "non-work" status without pay. Because defendant offers no justification for failing to address this issue in its motion papers, it would be inappropriate for the Court to consider the evidence offered now.

The Court has reviewed defendant's remaining objections and finds them without merit. For the reasons discussed, Magistrate Judge Bloom's Report and Recommendation is adopted without qualification.

SO ORDERED.

Dated: Brooklyn, New York
October 2006

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge